## Esek Aldrich, Assignee of Levi J. Lewis *v.* Daniel Martin & others.

Where two mortgages upon the same personal property were executed, with the knowledge of both the mortgagees at the same time, for their equal security as creditors and accommodation indorsers of the mortgagor, and both mortgages were put upon record within an hour of their execution, though one reached the city clerk's hands a few minutes earlier than the other, and subsequently the mortgagor assigned the mortgaged property subject to the mortgages, for the benefit of his creditors, and the assignee had, by agreement, sold the same, free from the mortgages, for the benefit of whom it might concern; *Held*, upon a bill in equity filed by the assignee for instructions, that, after deducting the costs and expenses of the suit, he should distribute the proceeds of sale between the mortgagees, not in moieties, but in proportion to the amount of debts due and liabilities incurred by each under their respective mortgages, without reference to whether they were prior or subsequent accommodation indorsers upon the same paper; and that, to .satisfy the equities of the holders of the indorsed paper upon the property mortgaged for their security, as well as for the security of the assigned estate, this distribution should be made, so far as outstanding accommodation paper indorsed by the mortgagees was concerned, to the holders of the paper, and not to the mortgagees.

Bill in equity filed by the complainant, as assignee of one Levi J. Lewis, under a voluntary assignment made by Lewis for the benefit of his creditors, for instructions as to the proper disposition to be made by him, as assignee, of the proceeds of the assigned estate.

It appeared from the answers and proofs, that about a year prior to the assignment, the plaintiff's assignor had, on the same

day, executed to the defendant Martin, and to the defendant Hoar, separate mortgages of his stock in trade, to indemnify them as his accommodation indorsers, and to secure to them the payment of any amounts in which he might then be, or thereafter become, indebted to them. The mortgages were executed at the same moment, with the design of placing the mortgagees on an equality as to their security, and were, within an hour of their execution, both put upon record in Providence, the place of residence of the mortgagor; the mortgage of the defendant Martin having reached the city clerk's hands a few minutes before Hoar's, as appeared from the clerk's notings on the back of them.

The assignment to the plaintiff was made subject to these mortgages; and it was in proof, that at the time of the assignment, Lewis was indebted to each of the mortgagees for borrowed money, or money paid to take up his accommodation paper; and that each had indorsed paper for his accommodation, to a large amount, which was still outstanding and unpaid. On all the paper indorsed by Martin, Hoar stood as prior indorser, and, beside, was indorser of other paper of the assignor. By agreement between the plaintiff as assignor of Lewis and the mortgagees, the mortgaged property was sold, free from all incumbrances; the proceeds to be held by the plaintiff, liable to the claims of the mortgagees thereon, when adjusted. The respondent, Martin, claimed, that inasmuch as his mortgage was first recorded, and was taken independently of Hoar's mortgage, and because he stood as subsequent indorser to Hoar on all of Lewis's paper which he had indorsed, he was entitled to have the whole proceeds of the mortgaged property paid over to him; the same being necessary to his indemnity. It appeared, also, that the property was insufficient to pay the claims included in the two mortgages in full, and much less, of all the creditors under the assignment; and this bill was brought by the assignor against the mortgagees and other creditors of Lewis, that he might be instructed, whether to pay the proceeds of the mortgaged and assigned property to the mortgagees, or how otherwise he was to pay or distribute the same.

44 *

The cause was argued by *Hayes & Bradley* for Hoar, and by *Lapham* for Martin.

AMES, C. J.   We are entirely satisfied from the proofs, that, with the knowledge of both the mortgagees, the two mortgages in question were executed at the same time by the mortgagor, for the purpose of putting them upon an equality, as securities upon the mortgaged property.   Under such circumstances, the fact that Martin's mortgage was received for record a few minutes earlier on the same day than Hoar's, can give the former no priority over the latter.   The purpose of the two instruments being to secure their several debts and liabilities, the property is to be distributed for their benefit, not in moieties, but in proportion to the debts and liabilities of each.   *Donnels* v. *Edwards and Trustees*, 2 Pick. 617, 619.

It appears that Lewis was actually indebted to the two mortgagees only in a small sum, comparatively; their liabilities for him in the main being, and to a large amount, outstanding and unpaid.   It is a well-settled equity, that if a principal has given pledges or securities to his surety, the creditor is entitled to the benefit of them *in the hands of the surety*, to be applied to the payment of his debt.   *Wright* v. *Morley*, 11 Ves. 22 ; 1 Story's Eq. Jurisp. § 638.   It is proper that the assignee should administer this equity, as well for the protection of the creditors who hold the indorsed paper, as, that the funds of the assignor should not be diverted from their true destination.   We cannot consider in administering this equity of the creditors, by applying the property of the mortgagor to the payment of his debts, the relative position of the mortgagees, as prior and subsequent indorsers upon a portion of this paper.   That is a matter which, if the subsequent indorser pays any such paper, will be easily adjusted in a proper action; and at all events, is one with which we have nothing to do.

Let a decree be entered, instructing the assignor, after deducting from the fund in his hands his costs and expenses of this suit, to distribute the same ratably amongst all the holders of the paper protected by either or both of the two mortgages, including in his ratable distribution, payment to the mortgagees of their ratable share upon the secured debts due from the mortgagor to each of them.